[Cite as *Pasquino v. Ohio Dept. of Transp., Dist. 12*, 2010-Ohio-2034.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DIANA PASQUINO

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 12

    Defendant

    Case No. 2009-08446-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Diana Pasquino, stated that she was traveling west on State Route 2 in Willoughby, Ohio in Lake County, "when a rock hit my hood of the car"as her 2002 Acura passed under the Lost Nation Road bridge spanning the roadway. Plaintiff asserted the object that struck her car fell from the bridge spanning the roadway. Plaintiff pointed out "[t]here is a lot of road construction to widen the bridges and roads" in the area of her described damage incident. Plaintiff implied the rock which damaged the hood of her vehicle emanated from construction activity on the Lost Nation Road bridge. In her complaint, plaintiff recorded her damage event occurred at approximately 3:00 p.m. on Sunday, October 18, 2009.[1] Also, in her complaint, plaintiff included a repair estimate for her car dated October 6, 2009 in the amount of $1,129.15. Plaintiff implied the damage to her vehicle was proximately caused by negligence on the part of defendant, Department of Transportation (ODOT), in maintaining a hazardous condition in a roadway construction zone. Plaintiff seeks damage recovery in the amount of

---

[1] Plaintiff filed a response indicating her described property damage event occurred on September 18, 2009, a Friday. The court shall presume plaintiff's described damage incident occurred at

$1,129.15, the stated cost of automotive repair. The filing fee was paid.

**{¶ 2}** Defendant acknowledged that the area where plaintiff's described damage incident occurred was located within the limits of a working construction project under the control of ODOT joint venture contractors, Anthony Allega Cement Contractor/Great Lakes Construction (Allega/Great Lakes). Defendant explained this particular project "dealt with improving SR 2 by grading, draining, paving with asphalt concrete or an asphalt concrete base in part, noise barrier, reinforced retaining walls, MSE walls and rehabilitating existing structures between milepost 3.32 to 7.75 in Lake County." Defendant located plaintiff's damage occurrence from her description at milepost 5.42 on State Route 2, an area within the limits of the construction zone. Defendant asserted that Allega/Great Lakes, by contractual agreement, were responsible for any damage occurrences or mishaps within the limits of the construction zone. Therefore, ODOT argued either Allega or Great Lakes should be the proper party defendant in this action. Defendant implied all duties such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects were delegated when an independent contractor takes control over a particular section of roadway. All work by the contractor was to be performed in accordance with ODOT mandated specifications and requirements and subject to ODOT approval.

**{¶ 3}** For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

approximately 3:00 p.m. on Friday September 18, 2009.

{¶ 4} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864. The duty of ODOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor involved in roadway construction. ODOT may bear liability for the negligent acts of an independent contractor charged with roadway construction. *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151. Despite defendant's contention that ODOT did not owe any duty in regard to the construction project, defendant was charged with duties to inspect the construction site and correct any known deficiencies in connection with particular construction work. See *Roadway Express, Inc. v. Ohio Dept. of Transp.* (June 28, 2001), Franklin App. 00AP-1119.

{¶ 5} Alternatively, defendant argued either ODOT nor Allega/Great Lakes had any knowledge "of rocks falling from the Lost Nation Road bridge on  SR2" prior to plaintiff's described damage occurrence. ODOT records indicate no calls or complaints were received regarding falling rock debris prior to plaintiff's incident. Defendant related ODOT "first learned of plaintiff's alleged incident on October 28, 2009" when a copy of her complaint was served by this court. Defendant contended plaintiff failed to produce evidence establishing that her property damage was attributable to any conduct on either the part of ODOT or joint venture contractors, Allega/Great Lakes. Defendant asserted plaintiff did not offer any evidence to prove ODOT negligently maintained the roadway

bridge. Defendant submitted photographs depicting the Lost Nation Road bridge which show protective fencing on the bridge spanning State Route 2. Defendant stated "every precaution has been made to keep rocks and other debris from falling onto westbound SR2." Defendant suggested any falling rock emanating from the bridge that was open to public traffic "could have come from a third party" not affiliated with either ODOT or the joint venture contractors.

Defendant submitted a letter from Allega representative Carmen C. Carbone,

regarding work performed by Allega/Great Lakes on September 18, 2009 in the vicinity of the Lost Nation Road bridge.  Carbone acknowledged both Allega and Great Lakes personnel were working on State Route 2 in the vicinity of the Lost Nation Road bridge on September 18, 2009.  Carbone recorded "at NO time was any work being performed by the prime contractors and our subcontractors on the bridge, bridge roadway or bridge decking on or above State Route 2 on the date of September 18, 2009."  Carbone denied any construction vehicles "were utilizing" the bridge on September 18, 2009.

Also submitted was a daily report produced by Allega for construction activity on State Route 2 on September 18, 2009.  According to this daily report and other submitted roadway diagrams, construction trucks hauled material on State Route 2, but the truck route covered did not include traveling over the Lost Nation Road bridge.  The daily report noted Allega crews were working on Lost Nation Road north of the bridge "installing exfiltration trench boxes, type B."  However, it was recorded in the report that "[n]o trucking or excavation was performed during the installation of these boxes."

Defendant provided a copy of an e-mail from Great Lakes Safety Director, William Hocevar, regarding work performed by that contractor on September 18, 2009.  Hocevar offered the following information:

"Great Lakes was not working on or near the vicinity of Lost Nation Road the day of the alleged accident.  Furthermore, we had not been working on or near that bridge since August 6, 2009, where we performed backfill operations on the abutments.  Lastly, we have never known of any complaints, injuries, accidents or other losses associated with the Great Lakes' construction of the Lost Nation Road Bridge prior to this notification."

Hocevar did confirm "[t]he only Great Lakes Construction traffic crossing Lost Nation Rd. Bridge that day (September 18, 2009) was a nine yard load of concrete" for work being performed on a "forward abutment wingwall" on a roadway ramp.  The concrete load was transported by one truck that did not make a return trip over the bridge.

Plaintiff filed a response disputing the assertions that ODOT contractors did not have any traffic on the Lost Nation Road bridge on September 18, 2009 with the exception of one vehicle.  Plaintiff stated Allega/Great Lakes "have been working on that highway since March of 2009 (and) [t]hat bridge area has been closed on the east side

so that they can work and travel through that area." Plaintiff observed construction trucks hauling "dirt etc" are continually traveling in the area. Plaintiff recalled she was traveling west on State Route 2 in the far right lane when her damage incident occurred in the vicinity "where the trucks were working." Plaintiff pointed out the rock that fell on the hood of her car "could come from anywhere in that area." Plaintiff did not produce sufficient evidence to clarify the origin of the rock debris that damaged her car.

Generally, in order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. However, proof of notice of a dangerous condition is not necessary when defendant's own agents actively cause such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. Plaintiff, in the instant claim, has alleged that the damage to her vehicle was directly caused by constructive activity of ODOT's contractor, on September 18, 2009. Despite her assertions, plaintiff has failed to prove the debris that damaged her car emanated from construction activity.

"If an injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in light of all the attending circumstances, the injury is then the proximate result of negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

In order to find liability for a damage claim occurring in a construction area, the court must look at the totality of the circumstances to determine whether ODOT acted in a manner to render the highway free from an unreasonable risk of harm for the traveling

public. *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App. 3d 346, 683 N.E. 2d 112. In fact, the duty to render the highway free from an unreasonable risk of harm is the precise duty owed by ODOT to the traveling public both under normal traffic conditions and during highway construction projects. See e.g. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St. 3d 39, 42, 564 N.E. 2d 462. Plaintiff has failed to prove her damage was proximately caused by any negligent act or omission on the part of ODOT or its agents. See *Wachs v. Dept. of Transp., Dist. 12*, Ct. of Cl. No. 2005-09481-AD, 2006-Ohio-7162; *Nicastro v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-09323-AD, 2008-Ohio-4190.

Evidence in the instant action tends to show plaintiff's damage was caused by an act of an unidentified third party not affiliated with ODOT. Defendant has denied liability based on the particular premise it had no duty to control the conduct of a third person except in cases where a special relationship exists between defendant and either plaintiff or the person whose conducts needs to be controlled. *Federal Steel & Wire Corp. v. Ruhlin Const. Co.* (1989), 45 Ohio St. 3d 171, 543 N.E. 2d 769. However, defendant may still bear liability if it can be established if some act or omission on the part of ODOT or its agents was the proximate cause of plaintiff's injury. Plaintiff has failed to prove, by a preponderance of the evidence, that defendant failed to discharge a duty owed to her, or that her injury was proximately caused by defendant's negligence. Plaintiff failed to show the damage-causing object at the time of the damage incident was connected to any conduct under the control of defendant or its agents or any negligence on the part of defendant or its agents. *Herman v. Ohio Dept. of Transp.* (2006), 2006-05730-AD.

## Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DIANA PASQUINO

      Plaintiff

      v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 12

      Defendant

      Case No. 2009-08446-AD

Deputy Clerk Daniel R. Borchert


ENTRY OF ADMINISTRATIVE DETERMINATION


      Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.


                           _____

                           DANIEL R. BORCHERT
                           Deputy Clerk


Entry cc:


Diana Pasquino                   Jolene M. Molitoris, Director
35975 Sandy Knoll             Department of Transportation
Eastlake, Ohio 44095           1980 West Broad Street
                                 Columbus, Ohio 43222

RDK/laa
1/11
Filed 1/27/10
Sent to S.C. reporter 5/7/10